

# U. S. SMALL BUSINESS ADMINISTRATION
### RECEIVER FOR WINFIELD CAPITAL CORPORATION
### 409 THIRD STREET, S.W., 6TH FLOOR
### WASHINGTON, D.C. 20416

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2005 OCT 31 PM 1: 38

GREGORY C. LANGHAM
CLERK

WRITER'S DIRECT TELEPHONE: (202) 205-7514                    FAX NUMBER: (202) 205-6957

BY_____DEP. CLK

October 26, 2005                    **05 -mc- 70**

Mr. Gregory C. Langham, Clerk of the Court                    VIA UPS 2ND DAY DELIVERY
U.S. District Court, District of Colorado
A105 Alfred A. Arraj United States Courthouse Annex
901 19th Street
Denver, CO 80294-3589

Re:    United States of America v. Winfield Capital Corporation
       Civil Case No. CV-05-8395-AKH; Judge Hellerstein

Dear Mr. Gregory C. Langham:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Southern District of New York , has taken exclusive jurisdiction of Winfield Capital Corporation, ("Winfield"), and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of Winfield may be located in your jurisdiction.  We therefore are enclosing for filing copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754.  Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for Winfield, stayed all legal proceedings involving Winfield and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to Winfield are pending.  Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp filed and return in the enclosed self-addressed stamped envelope.

Sincerely,

By:

Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/05

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

OCT 1 3 2005

UNITED STATES OF AMERICA,       )
                    Plaintiff,  )
                                )
        v.                      )        Civil Case No. CV-058395-AKH
                                )
WINFIELD CAPITAL CORP.,         )        ECF CASE
                                )
                    Defendant.  )        Order
                                )
_____ )

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive

jurisdiction of Winfield Capital, Corp. ("Winfield") and all of its assets and property,

and all of its assets and property, of whatever kind and wherever located, and the United

States Small Business Administration ("SBA") is hereby appointed Receiver of Winfield

("Receiver") to serve without bond until further order of this Court. The Receiver is

appointed for the purpose of marshalling and liquidating in an orderly manner all of

Winfield's assets and satisfying the claims of creditors therefrom in the order of priority

as determined by this Court.

2.      The Receiver shall have all powers, authorities, rights and privileges

heretofore possessed by the officers, directors, managers, investment advisors and other

agents of Winfield under applicable state and federal law, by the Articles of

Incorporation, and By-Laws of said corporation, in addition to all powers and authority of

a receiver at equity, and all powers and authority conferred upon the Receiver by the

provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers,

1

employees, managers, investment advisors and agents of Winfield are hereby dismissed. Such persons shall have no authority with respect to Winfield's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Winfield and shall pursue and preserve all of its claims.

3.     The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Winfield, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Winfield and its assets and all other assets and property of the corporation, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the Winfield portfolio. The former President, Director and/or other agent of Winfield, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Winfield as well as the names, addresses and amounts of claims of all known creditors of Winfield. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Winfield are hereby directed to turn such assets and property over to the Receiver.

4.     The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors and debtors of Winfield, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Winfield, until further ordered by

this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Winfield had received such payments.

5.    The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Winfield, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6.    Winfield's past and/or present officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Winfield and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver

3

all questions which the Receiver may put to them in compliance with the Federal Rules

of Civil Procedure, and pursuant thereto shall produce any documents as required by the

Receiver regarding the business of said corporation, or any other matter relevant to the

operation or administration of the receivership or the collection of funds due to Winfield.

In the event that the Receiver deems it necessary to require the appearance of the

aforementioned persons, the production of documents, information, or any other

discovery concerning the assets, property or business operations of Winfield, or any other

matter relevant to the operation or administration of the Receivership or the collection of

funds due to Winfield, the Receiver shall make its discovery request(s) in compliance

with the Federal Rules of Civil Procedure.

      7.     The parties, or any prospective parties, to any and all civil legal

proceedings of any nature, excluding the instant proceeding, but including without

limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default

proceedings, or other actions of any nature involving Winfield or any assets of Winfield,

including subsidiaries, partnerships and other business combinations of Winfield,

wherever located, or involving Winfield, the Receiver, or any of Winfield's past or

present officers, directors, managers, agents, or general or limited partners sued for, or in

connection with, any action taken by them while acting in such capacity of any nature,

whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise,

are enjoined from commencing or continuing any such legal proceeding, or from taking

any action, in connection with any such proceeding or any such asset. All civil legal

proceedings of any nature, excluding the instant proceeding, but including without

limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default

4

proceedings, or other action of any nature involving Winfield or any assets of Winfield, including subsidiaries, partnerships and other business combinations of Winfield, wherever located, and excluding the instant proceeding, or involving Winfield, the Receiver, or any of Winfield's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

8.      Further, as to a cause of action accrued or accruing in favor of Winfield against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9.      Winfield and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Winfield to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

10.     The Receiver is authorized to borrow on behalf of Winfield, from the SBA, up to $100,000 and is authorized to cause Winfield to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue.  Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11.     Judgment is hereby entered in favor of Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Winfield, in the amount of the principal sum outstanding, plus accrued interest as of the date of entry of this Judgment, together with post-judgment interest at the rate allowed by law.

12.     SBA shall be appointed Receiver of Winfield based on Winfield's consent.

**SEEN AND AGREED BY WINFIELD CAPITAL CORP. AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:**

Paul A. Perlin
Chief Executive Officer
Winfield Capital Corp.

Thomas G. Morris      04-07-05
Director, Office of Liquidation
U.S. Small Business Administration

SO ORDERED, DATED this ___ day of ___ 2005.

UNITED STATES DISTRICT COURT JUDGE



ROSLYNN R. MAUSKOPFF.
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:   (718) 254-6057

ARLENE P. MESSINGER (APM 1280)
Assistant General Counsel for SBIC Enforcement
Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6857
Facsimile:   (202) 205-7154



RECEIVED
SEP 3 0 2005
U.S.D.C. S.D. N.Y.
CASHIERS

Judge Hellerstein

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,        )
       Plaintiff        )

# 05 CV 8395

v.        )    Civ. Action No.

WINFIELD CAPITAL CORP.,        )

       Defendant        )

## COMPLAINT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This is a civil action brought by the United States of America on behalf of

its agency, the United States Small Business Administration (hereinafter, "SBA,"

"Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W.,

Washington, D.C., 20416.  The defendant has stipulated and consented to the entry of the

requested relief in this civil action.

2.      Jurisdiction is conferred on this Court by virtue of the Small Business

Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and

316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3.      Defendant, Winfield Capital Corp. (hereinafter "Winfield") maintains its

principal place of business at 237 Mamaroneck Avenue, White Plains, New York, 10605.

Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

4.      Winfield was licensed by SBA as a small business investment company

("SBIC" or "Licensee"), SBA License No. 02/02-0292, under Section 301(c) of the Act,

15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the

regulations promulgated thereunder.

5.      Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe

regulations to carry out the provisions of the Act and to govern the operations of SBICs.

SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of

Federal Regulations, Part 107 (the "Regulations").

6.      Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon

determination and adjudication of noncompliance or violation of the Act or the

Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

7.      Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices.  The Court may also appoint SBA to act as receiver for such Licensee.

8.      In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided leverage to Winfield through the purchase of debentures totaling $19,536,659.92.

9.      Winfield was placed into liquidation status as a consequence of its regulatory violation of failing to maintain an acceptable capital impairment percentage, as that term is defined in the Regulations at 13 C.F.R. §1830 (2001).

10.     By Forbearance Agreement dated April 6, 2005, Winfield agreed that it had violated SBA's regulations regarding capital impairment and acknowledged that SBA is entitled to a judgment and to be appointed receiver.  A copy of the Forbearance Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

11.     In the Forbearance Agreement SBA agreed to temporarily forbear on seeking a judgment and the appointment of SBA as Receiver of Winfield based on the

3

performance of certain conditions by Winfield. One of the conditions required Winfield to pay its outstanding indebtedness to SBA by June 30, 2005. As of March 23, 2005, Winfield was indebted to SBA in the amount of $4,997,111.73.

12.     The Forbearance Agreement provided that failure to make payment of its indebtedness was an event of default and that if such event of default were to "occur and remain uncured for a period of fifteen (15) days after the date of the letter from SBA to Winfield stating the event of default, the entire unpaid balance of the principal and interest of the outstanding indebtedness shall become immediately due and payable and without the necessity of demand, presentment, protest or notice upon Winfield, all of which are expressly waived by Winfield.  In addition, SBA may file and enforce the Consent to Receivership, which is to be executed by Winfield simultaneously with the execution of this Agreement, and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment." A copy of the stipulated settlement and a signed consent order are attached hereto as Exhibit 2 and incorporated herein by reference.

13.     By letter dated July 1, 2005, Winfield was informed of their default and advised that if the event of default was uncured for fifteen days the entire unpaid balance pf principal plus interest would become due and payable and that SBA may enforce the consent to receivership.  A copy of the letter dated July 1, 2005 is attached hereto as Exhibit 3 and incorporated herein by reference.

14.     Winfield's 10Q filing with the Securities and Exchange Commission for the period ended June 30, 2005 admits that Winfield is in default of the Forbearance

4

Agreement. A copy of the relevant pages of Winfield's 10 Q filing are attached hereto as Exhibit 4 and incorporated herein by reference.

15.     Winfield has failed to pay the full amount of the Indebtedness in the time required under the Forbearance Agreement. As of September 13, 2005, Winfield is Indebted to SBA in the amount of $3,737,472.62 plus interest which continues to accrue at the rate of $712.01 per day. A copy of SBA's

## COUNT ONE
## BREACH OF AGREEMENT

16.     Plaintiff re-alleges and reincorporates paragraphs 1 through 15 as though fully set forth herein.

17.     By executing the Forbearance Agreement, Winfield agreed to pay SBA the total amount of the Indebtedness, comprised of $4,997,111.73, plus interest, on or before June 30, 2005.

18.     As of September 13, 2005, there remains an outstanding balance of $3,737,472.62 plus interest which continues to accrue at the rate of $712.01 per day on the Indebtedness, which is due SBA from Winfield.

19.     To date, Winfield has failed to pay SBA the full amount due under the Indebtedness and is in default of the Forbearance Agreement.

20.     As a consequence of Winfield's failure to pay the Indebtedness when due and in accordance with the Forbearance Agreement, SBA has suffered, and continues to suffer, damages in the amount of $3,737,472.62 plus interest which continues to accrue at the rate of $712.01 per day.

21. Winfield has consented to the requested relief of the entry of a judgment and the appointment of SBA as Receiver.

5

**WHEREFORE**, Plaintiff prays as follows:

A.     That this Court approve and enter the Consent Order and Judgment filed simultaneously herewith;

B.     That injunctive relief, both preliminary and permanent in nature, be granted Winfield, its directors, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Winfield's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Winfield, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder.

C.     That this Court take exclusive jurisdiction of Winfield, and all of its assets, wherever located, appoint SBA as permanent receiver of Winfield for the purpose of liquidating all of Winfield's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Winfield, as appropriate.

D.     That this Court enter judgment against Equitas and in favor of SBA in the amount of $3,737,472.62 plus interest which continues to accrue at the rate of $712.01 per day  through the date of judgment and post judgment interest therefrom.

E.     That this Court orders that Winfield's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

F.     That this Court grant such other and further relief as may be deemed just and proper.

6

Respectfully submitted,

ROSLYNN R. MAUSKOPFF.
UNITED STATES ATTORNEY


Dated: _September 29, 2005_      _William Young_
William Young, Esq. (WY9160)
Special Assistant United States Attorney
United States Attorney's Office
1Pierrepont Plaza, 14th Floor
Brooklyn, NY
(718)254-6057


Dated: _September 23, 2005_      _Arlene P. Messinger_
Arlene Messinger, Esq.(APM1280)
Associate General Counsel for SBIC Enforcement
United States Small Business Administration
409 3rd Street, SW
7th Floor
Washington, D.C. 20416
(202) 205-6857

## FORBEARANCE AGREEMENT

Whereas, Winfield Capital Corp. is a Small Business Investment Company ("SBIC") licensed and regulated by the U.S. Small Business Administration ("SBA") in accordance with the Small Business Investment Act of 1958, as amended, (the "Act") and the regulations promulgated thereunder;

Whereas, as of March 23, 2005, Winfield Capital Corporation ("Winfield") is indebted to SBA, in the approximate amount of $4,997,111.73, plus interest which continues to accrue after March 23, 2005;

Whereas, Winfield has violated SBA's regulations with respect to capital impairment and acknowledges that SBA is entitled to a judgment and to be appointed Receiver pursuant to the Act;

Whereas, SBA agrees to temporarily forebear on seeking the above mentioned remedies, based on the conditions set forth in this agreement;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto agree as follows:

1. As of March 23, 2005 is indebted to SBA in the approximate amount of $4,997,111.73, plus interest which continues to accrue after March 23, 2005 ("the Indebtedness"). Winfield shall pay the Indebtedness to SBA by June 30, 2005 (the "final maturity date"). The parties acknowledge and agree that the foregoing Indebtedness is being reviewed by SBA in order to satisfy the parties that all interest has been applied properly in conformity with SBA guidelines. SBA will determine the correct amount of the Indebtedness and the parties will agree on that final amount within thirty days.

2. If any one or more of the following events listed below ("events of default") shall occur and remain uncured for a period of fifteen (15) days after the date of the letter from SBA to Winfield stating the event of default, the entire unpaid balance of the principal and interest of the outstanding indebtedness shall become immediately due and payable and without the necessity of any demand, presentment, protest or notice upon Winfield, all of which are expressly waived by Winfield. In addition, SBA may file and enforce the Consent to Receivership, which is to be executed by Winfield simultaneously with the execution of this Agreement, and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment.

      (a)    Failure by Winfield to make payment of the Indebtedness pursuant to the terms of this Agreement;

      (b)    Any violation of SBA's Act or Regulations by Winfield that SBA is not currently aware of;

1

EXHIBIT 1

(c)   Material Adverse Change in the financial condition of Winfield's operations including but not limited to, any material reduction, other than the disposition of assets (even below their carrying value) to repay SBA indebtedness, in the value of Winfield's remaining assets or any act of Winfield which in the reasonable opinion of SBA imperils the prospect of full performance or satisfaction of Winfield's obligations herein. For purposes of this subsection, a material adverse change shall mean a 50% decline in the value of the equity of the remaining assets (above SBA's debt);

(d)   The rendering of any judgment against Winfield or the occurrence of any attachment of any of its properties involving in excess of $50,000 which shall not be paid, stayed on appeal, discharged, bonded, or dismissed for a period of thirty (30) days or more;

(e)   Dissolution of the licensee;

(f)   Indictment or conviction of any of the directors or officers of the Licensee for any unlawful act other than minor traffic and similar offenses.

3.   Remedies for Events of Default

In the event of any event of default by Winfield:

(a)   require Winfield to prepare a final accounting of the remaining assets to be submitted to SBA;

(b)   entitle SBA to file the stipulated settlement and consent to receivership and judgment;

(c)   execute and provide SBA with a copy of such documentation as shall be reasonably necessary to demonstrate to SBA that Winfield shall no longer operate as an SBIC licensed by SBA and will no longer continue to hold itself out as such.

The above listed remedies shall in no event affect SBA's rights and remedies available to it pursuant to the Act, including but not limited to, obtaining a receivership of Winfield in the event Winfield engages in any acts or practices which constitute a violation of the Act or regulations which SBA is not aware of at this time.

4.   Surrender of License

Within 90 days of complete repayment to SBA of all Indebtedness owed by Winfield to SBA, Winfield shall surrender its SBIC operating license and present to SBA evidence of a corporate resolution amending its Articles of Incorporation and

2

bylaws, to eliminate all references to SBA and the SBIC program; provide SBA with an affirmation, signed by an appropriate senior officer of the Licensee and subject to the approval of SBA, to the effect that Winfield will no longer hold itself out as an SBIC.

5.   Miscellaneous

    (a)   All notices, requests and other communications pursuant to the Agreement must be in writing and transmitted by one of the following: (i) hand delivery; (ii) facsimile or e-mail with the original thereof being sent within 24hours thereafter by regular mail; (iii) certified mail return receipt requested;  or (iv) overnight courier service;

    (b)   All notices as described above shall be addressed as follows:

        (i)   to SBA:

Elaine Hruschka, Financial Analyst
Account Resolution Branch
Office of Liquidation
409 Third Street S.W.
Washington, D.C. 20416
202-205-3645
Fax -202-6957
Elaine.Hruschka@SBA.gov

        (ii)   to Winfield

Winfield Capital Corp.
237 Mamaroneck Avenue
White Plains, New York
914-949-2600
Fax-914-949-7195
Attention: Chief Executive Officer
Twintrees@aol.com

        (iii)   copies to:

Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
212-756-2000
Fax-212-593-5955
Attention: Michael P. Littenberg, Esq.
Michael.Littenberg@SRZ.com

AND

U.S. Small Business Administration
Arlene P. Messinger, Esq.

3

409 3rd Street S.W.
Washington, D.C. 20416
202-205-6857
Fax-202-205-7154

(c)     No failure or delay on the part of SBA in the exercise of any right,
        power or privilege hereunder shall operate as a waiver of any such
        right, power or privilege, nor shall any such failure or delay
        preclude any other or further exercise thereof;

(d)     No modification or waiver of any provision of the Agreement shall
        be effective unless in writing and signed by the parties hereto:

(e)     The rights and obligations of Winfield under this loan agreement
        shall not be assignable without the prior written consent of SBA;

(f)     Winfield hereby waives trial by jury in any litigation with respect
        to, in connection with, or arising out of the Agreement, and
        Winfield hereby waives the right  to interpose any set-off,
        counterclaim, cross-claim in connection with any such litigation by
        SBA unless such set-off, counterclaim, cross-claim arises out of
        the Agreement.;

(g)     If any provision of the Agreement is declared invalid, such action
        shall not invalidate any other provision;

(h)     This Agreement is to be construed and enforced in accordance with
        federal law;

**WITNESS WHEREOF, the parties have caused this agreement to be duly executed
on the 6th day of April 2005.**

Winfield Capital Corp.

By: _____

Paul A. Perlin
Chief Executive Officer

United States Small Business Administration

By: _____   04-07-05

Thomas G. Morris
Director, Office of Liquidation

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,    )
        Plaintiff,    )
                    )
        v.    )    Civil Case No. _____
                    )
WINFIELD CAPITAL CORP.    )
        Defendant.    )
                    )

## STIPULATED SETTLEMENT

WHEREAS, Plaintiff, United States of America, on behalf of its agency, the United States Small Business Administration ("Plaintiff") has filed and caused to be served upon defendant, The Winfield Capital Corp. ("Defendant"), a complaint; and

WHEREAS, the said parties desire to resolve this matter amicably without further proceedings, trial or adjudication of any issue, and stipulate as follows:

1. That the Complaint has been validly served upon Defendant;

2. That this Court has jurisdiction over the subject matter of this action and over Defendant;

3. To the entry of the attached CONSENT ORDER AND JUDGMENT without further proceedings;

4. That findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure are hereby waived;

5. That Defendant waives any right it may have to contest the validity of the attached CONSENT JUDGMENT and ORDER; and

EXHIBIT 2

6.    The ORDER may be presented by plaintiff to the Court for signature and entry without further notice; however the United States will provide notice of entry to Defendant.

APPROVED FOR ENTRY:

HONORABLE *Roslynn R. Mauskopf*
UNITED STATES ATTORNEY / *Eastern District of New York*
By: *William Young*
*William Young*   *Special Assistant U.S. Attorney*
~~Chief, Civil Division~~

*for*   Arlene Messinger
Assistant General Counsel
Small Business Administration
409 3rd Street, SW
Washington, D.C. 20416
202-205-6857


ATTORNEYS FOR PLAINTIFF


Winfield Capital Corp.


By: _____
Paul A. Perlin

Its:  Chief Executive Officer


DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                    )
        Plaintiff,                          )
                                )
        v.                                  )     Civil Case No. _____
                                )
WINFIELD CAPITAL CORP.,                       )
                                )
        Defendant.                          )     Order
                                )
_____)

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

      1.     Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive

jurisdiction of Winfield Capital, Corp. ("Winfield") and all of its assets and property,

and all of its assets and property, of whatever kind and wherever located, and the United

States Small Business Administration ("SBA") is hereby appointed Receiver of Winfield

("Receiver") to serve without bond until further order of this Court. The Receiver is

appointed for the purpose of marshalling and liquidating in an orderly manner all of

Winfield's assets and satisfying the claims of creditors therefrom in the order of priority

as determined by this Court.

      2.     The Receiver shall have all powers, authorities, rights and privileges

heretofore possessed by the officers, directors, managers, investment advisors and other

agents of Winfield under applicable state and federal law, by the Articles of

Incorporation, and By-Laws of said corporation, in addition to all powers and authority of

a receiver at equity, and all powers and authority conferred upon the Receiver by the

provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers,

1

employees, managers, investment advisors and agents of Winfield are hereby dismissed. Such persons shall have no authority with respect to Winfield's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Winfield and shall pursue and preserve all of its claims.

3.       The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Winfield, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Winfield and its assets and all other assets and property of the corporation, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the Winfield portfolio. The former President, Director and/or other agent of Winfield, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Winfield as well as the names, addresses and amounts of claims of all known creditors of Winfield. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Winfield are hereby directed to turn such assets and property over to the Receiver.

4.       The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors and debtors of Winfield, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Winfield, until further ordered by

this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Winfield had received such payments.

5.     The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Winfield, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel.  The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership.  In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership.  The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6.     Winfield's past and/or present officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Winfield and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver

3

all questions which the Receiver may put to them in compliance with the Federal Rules

of Civil Procedure, and pursuant thereto shall produce any documents as required by the

Receiver regarding the business of said corporation, or any other matter relevant to the

operation or administration of the receivership or the collection of funds due to Winfield.

In the event that the Receiver deems it necessary to require the appearance of the

aforementioned persons, the production of documents, information, or any other

discovery concerning the assets, property or business operations of Winfield, or any other

matter relevant to the operation or administration of the Receivership or the collection of

funds due to Winfield, the Receiver shall make its discovery request(s) in compliance

with the Federal Rules of Civil Procedure.

   7.  The parties, or any prospective parties, to any and all civil legal

proceedings of any nature, excluding the instant proceeding, but including without

limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default

proceedings, or other actions of any nature involving Winfield or any assets of Winfield,

including subsidiaries, partnerships and other business combinations of Winfield,

wherever located, or involving Winfield, the Receiver, or any of Winfield's past or

present officers, directors, managers, agents, or general or limited partners sued for, or in

connection with, any action taken by them while acting in such capacity of any nature,

whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise,

are enjoined from commencing or continuing any such legal proceeding, or from taking

any action, in connection with any such proceeding or any such asset. All civil legal

proceedings of any nature, excluding the instant proceeding, but including without

limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default

proceedings, or other action of any nature involving Winfield or any assets of Winfield, including subsidiaries, partnerships and other business combinations of Winfield, wherever located, and excluding the instant proceeding, or involving Winfield, the Receiver, or any of Winfield's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

8.     Further, as to a cause of action accrued or accruing in favor of Winfield against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9.     Winfield and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Winfield to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

5

10.     The Receiver is authorized to borrow on behalf of Winfield, from the SBA, up to $100,000 and is authorized to cause Winfield to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue.  Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11.     Judgment is hereby entered in favor of Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Winfield, in the amount of the principal sum outstanding, plus accrued interest as of the date of entry of this Judgment, together with post-judgment interest at the rate allowed by law.

12.     SBA shall be appointed Receiver of Winfield based on Winfield's consent.

SEEN AND AGREED BY WINFIELD CAPITAL CORP. AND THE SMALL
BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED
REPRESENTATIVES:

Paul A. Perlin
Chief Executive Officer
Winfield Capital Corp.


Thomas G. Morris,          04-07-05
Director, Office of Liquidation
U.S. Small Business Administration



SO ORDERED, DATED this    day of        2005.


_____
UNITED STATES DISTRICT COURT JUDGE

8

U. S. SMALL BUSINESS ADMINISTRATION
409 3RD STREET, S.W., SUITE 6350
WASHINGTON, D.C. 20416
TELEPHONE: (202) 205-6500   FACSIMILE: (202) 205-6857

INVESTMENT
DIVISION

OFFICE OF
LIQUIDATION

Writer's telephone (202) 205-3645

**Via Facsimile and First Class Mail**

July 1, 2005

Messrs. Paul and Scot Perlin
General Partners
Winfield Capital Corp.
237 Mamaroneck Avenue
White Plains, New York 10605

Dear Messrs. Perlin:

Under the Forebearance Agrement executed between Winfield Capital Corp.("Winfield") and SBA, dated April 6, 2005, Winfield agreed to make payment in full on its Indebtedness to SBA by June 30, 2005, the final maturity date.

This is to notify you that SBA has not received payment as of June 30th, and as a result, you are in default of the terms of the Forebearance Agreement.

Para. 2 of the Forebearance Agreement provides that should an event of default "remain uncured for a period of fifteen (15) days after the date of the letter from SBA to Winfield stating the event of default, the entire unpaid balance of the principal and interest of the outstanding indebtedness shall become immediately due and payable and without the necessity of any demand, presentment, protest or notice upon Winfield, all of which are expressly waived by Winfield.  In addition, SBA may file and enforce the Consent to Receivership ...."

SBA reserves its rights to enforce its remedies for this event of default in accordance with Para. 3(a), (b) and (c) of the Forebearance Agreement.

I will be away from the office until July 14. Should you have any questions concerning the amount of your payment in full during my absence, please contact Todd Leibbrand at (202) 205-7252.

Sincerely,

*Elaine Hruschka*

Elaine Hruschka
Financial Analyst

EXHIBIT 3

Trading Symbol: WCAP

Exchange Name: OTHER

Non-US Exchange Name:

Non-US Secondary Exchange Name:

US Secondary Exchange Name:

UNITED STATES
FORM 10-Q
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

(Mark One)

[X] QUARTERLY REPORT PURSUANT TO SECTION 13 or 15(d) OF THE SECURITIES
EXCHANGE
ACT OF 1934

For the quarterly period ended June 30, 2005

OR

[ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES
EXCHANGE ACT OF 1934

For the transition period from _____ to _____

Commission File Number 33-94322

WINFIELD CAPITAL CORP.

Incorporated in the IRS Employer Identification
State of New York Number 13-2704241

237 Mamaroneck Avenue
White Plains, New York 10605
(914) 949-2600

Indicate by check mark whether the registrant (1) has filed all reports
required
to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934
during
the preceding 12 months (or for such shorter period that the registrant was

© 2004 Thomson. No Claim to Orig US Govt Works.

EXHIBIT 4

Filing 051018369

## NOTES TO CONDENSED FINANCIAL STATEMENTS

Note 4 - Commitments and Contingencies

According to the U.S. Small Business Administration (the 'SBA') Regulations, the Company is required to be in compliance with the capital impairment rules, as defined by regulation 107.1830 of the SBA Regulations. The Company was notified by the SBA on April 30, 2003 that the Company was no longer in compliance with the SBA 's capital impairment requirements and that the SBA had accelerated the maturity date of the Company's debentures. The aggregate principal, interest and fees due under the debentures totaled approximately $25.6 million as of April 30, 2003, including interest and fees due through the next semi-annual payment date. As a result of subsequent repayments by the Company, the aggregate principal, interest and fees due under the debentures totaled approximately $3.7 million as of June 30, 2005, including interest and fees due through the next semi-annual payment date. The SBA has transferred Winfield Capital's account to liquidation status where any new investments and material expenses are subject to prior SBA approval. Based on discussions and meetings that the Company has had with the SBA to date, the SBA will not afford the Company the flexibility of a self-managed liquidation to repay its indebtedness. As a result, the Company anticipates that it will be required to repay all or substantially all of the principal and interest owing to the SBA on a schedule acceptable to the SBA.

On April 6, 2005, the Company entered into a Forbearance Agreement with the SBA whereby the maturity date of the Company 's remaining principal indebtedness to the SBA was extended until June 30, 2005, subject to a cure period of fifteen days. In connection with the Forbearance Agreement, the Company entered into a Stipulated Settlement and a Consent and Judgment whereby the SBA may pursue any remedies it deems appropriate under the law or the instruments evidencing the Company's indebtedness, including, without limitation, initiating proceedings for the appointment of the SBA or its designee as receiver to the extent that the Company **defaults** under its obligations pursuant to the Forbearance Agreement. The Company is in **default** pursuant to the terms of the Forbearance Agreement that required the repayment in full of all of the Company's outstanding indebtedness to the SBA including accrued interest on July 15, 2005 after giving effect to a fifteen-day cure period. To date, the SBA has refused to grant the Company an extension of the maturity under the Forbearance Agreement. The SBA has yet to formally accelerate its indebtedness, although the SBA is now entitled to pursue any remedies, including, without limitation, seeking a receivership of the Company.

-9-

© 2004 Thomson. No Claim to Orig US Govt Works.



# SMALL BUSINESS ADMINISTRATION

Office of the Chief Financial Officer
Denver Finance Center
Programmatic Accounting Division
Denver, CO 80259

## CERTIFIED STATEMENT OF ACCOUNT

As of September 13, 2005

Name:      Winfield Capital Corp
Address:   237 Mamaroneck Avenue
           White Plains, NY 10605

Loan Number:   04640951-03

| | |
|---|---:|
| Loan Amount Due | $ 750,000.00 |
| Accrued Interest | 15,398.12 |
| Purchased Interest | 0.00 |
| Total Amount Due | 765,398.12 |

Per diem rate at 6.875% is $141.27 per day

Certified to be a true and accurate statement as reflected by the official accounting records of the Small Business Administration

_____                          9/13/05
Authorized Signature and Title                        Date

SBA FORM 596 B (8-81)

EXHIBIT 5



# SMALL BUSINESS ADMINISTRATION

Office of the Chief Financial Officer
Denver Finance Center
Programmatic Accounting Division
Denver, CO 80259

## CERTIFIED STATEMENT OF ACCOUNT

As of September 13, 2005

Name:     Winfield Capital Corp
Address: 237 Mamaroneck Avenue
         White Plains, NY 10605

Loan Number : 04663951-03

| | |
|---|---|
| Loan Amount Due | $2,309,863.16 |
| Accrued Interest | 49,892.85 |
| Purchased Interest | 0.00 |
| Total Amount Due | 2,359,756.01 |

Per diem rate at 7.233% is $457.73 per day

Certified to be a true and accurate statement as reflected by the official accounting records of the Small Business Administration

_____          9/13/05
Authorized Signature and Title                    Date

SBA FORM 596 B (8-81)



# SMALL BUSINESS ADMINISTRATION

Office of the Chief Financial Officer
Denver Finance Center
Programmatic Accounting Division
Denver, CO 80259

## CERTIFIED STATEMENT OF ACCOUNT

As of September 13, 2005

Name:    Winfield Capital Corp
Address: 237 Mamaroneck Avenue
         White Plains, NY 10605

Loan Number :   04640251-04

| | |
|---|---:|
| Loan Amount Due | $ 600,000.00 |
| Accrued Interest | 12,318.49 |
| Purchased Interest | 0.00 |
| Total Amount Due | 612,318.49 |

Per diem rate at 6.875% is $113.01 per day

Certified to be a true and accurate statement as reflected by the official accounting records of the Small Business Administration

_____          9/13/05
Authorized Signature and Title               Date

SBA FORM 596 B (3-81)